# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-1205V
Filed: February 7, 2017
Not for Publication

```
*************************************
SHIRLEY EPPS,                       *
                                    *
              Petitioner,           *
                                    *
v.                                  *     Attorneys' fees and costs decision;
                                    *     reasonable attorneys' fees and costs
                                    *
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
                                    *
*************************************
```

Lawrence R. Cohan, Philadelphia, PA, for petitioner.
Sarah C. Duncan, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 15, 2015, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged that tetanus toxoid-diphtheria-acellular pertussis ("TdaP") and influenza ("flu") vaccines administered on January 10, 2014 caused her to develop restless leg syndrome and generalized paresthesia. On January 12, 2017, the undersigned issued an Order Concluding Proceedings after petitioner filed a Motion to Voluntarily Dismiss her claim.

On January 19, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

requests attorneys' fees in the amount of $26,893.50 and attorneys' costs in the amount of $3,905.19, for a total request of $30,798.69. In compliance with General Order #9, petitioner's counsel stated that petitioner did not incur any expenses in pursuit of her claim. Fee App. ¶ 5.

On February 6, 2017, respondent filed a response to petitioner's motion explaining that she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the special master exercise her discretion and determine a reasonable award for attorneys' fees and costs." On February 7, 2017, the undersigned issued an Order recommending that petitioner not file a reply due to respondent's lack of any particular objection to petitioner's fee request.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim." Id. The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that the majority of petitioner's attorneys' fees and costs request is reasonable. However, petitioner's attorneys billed a total of 89.1 hours on this case, and request $26,893.50 in fees for their work on the case. The undersigned finds that the time billed by petitioner's attorneys is excessive. She finds that $20,000.00 is an appropriate amount of attorneys' fees in this case. Accordingly, the undersigned reduces the amount she awards for attorneys' fees and costs by **$6,893.50**.

The undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. Accordingly, the court awards **$23,905.19**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Anapol Weiss in the amount of **$23,905.19**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

Dated: <u>February 7, 2017</u>                                                                <u>s/ Laura D. Millman</u>
                                                                                          Laura D. Millman
                                                                                           Special Master